**Russell Alan SMITH, Petitioner—Appellant,**

v.

**Steven J. CAMBRA, Jr., Director of the CA Department of Corrections; Mike Knowles, Respondents—Appellees.**

**No. 04–17296.**

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Decided April 18, 2006.

John Ward, Esq., Law Offices of John Ward, San Francisco, CA, for Petitioner–Appellant.

Robert R. Anderson, Deputy Atty. Gen., R. Todd Marshall, AGCA—Office of The California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: NOONAN, SILER,\*\* and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

The facts are known to the parties.

Under *McDonough Power Equipment v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), a defen-

dant is entitled to a new trial only if he can "first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." Here, the state court reasonably found that it was "too harsh to say, as defendant does, that [the juror] 'lied about her profession' or that she was 'not interested in sharing the truth' with the trial court." *People v. Smith,* No. 94F05882, at 27 (Cal.Ct.App. July 16, 1996); *see* 28 U.S.C. § 2254(d)(2) (2000). Furthermore, the similarity between the juror's and the victim's professions was insufficient to establish a presumption of prejudice supporting a challenge for cause. *See Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Tinsley v. Borg,* 895 F.2d 520, 529 (9th Cir.1990). We cannot say that the state's ruling was an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1) (2000).

Smith also claims that he was entitled to a hearing on potential juror bias, but we need not consider his request under habeas review because "no Supreme Court precedent holds that a failure to investigate potential juror bias presents structural error," and "the Supreme Court has not yet decided whether due process requires a trial court to hold a hearing *sua sponte* whenever evidence of juror bias comes to light." *Sims v. Rowland,* 414 F.3d 1148, 1153 (9th Cir.2005).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.